IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-199-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| RAYMOND LEE BRYANT, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Government's Notice of Intent to Seek § 4246 Evaluation, which the court construes as a motion for an evaluation of Defendant under 18 U.S.C. § 4246. Counsel for Defendant does not oppose the Government's motion, and the court finds the request is well grounded.

On May 22, 2018, Defendant Raymond Lee Bryant, Jr., was charged by way of indictment with three counts of car-jacking, in violation of 18 U.S.C. § 2119(1), one count of discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(A)(ii), one count of possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). By order entered May 25, 2018, Defendant was committed to the custody of the Attorney General for a competency evaluation pursuant to 18 U.S.C. § 4241.

A forensic evaluation was conducted at the Bureau of Prisons' Federal Correctional Institution in Butner, North Carolina, from June 5, 2018 to July 13, 2018. On July 23, 2018, the court received the initial forensic evaluation report in which the forensic psychologist opined that

Defendant was not competent to proceed. On August 16, 2018, after reviewing the report and conducting a hearing pursuant to 18 U.S.C. §§ 4241(c) and 4247(d), the court ordered that Defendant be committed, pursuant to 18 U.S.C. 4241(d)(1), for treatment and further evaluation to determine whether there was a substantial probability that he would regain competency in the foreseeable future.

A competency restoration study was conducted at FMC Butner, and a report was provided to the court on February 5, 2019. According to the report, there is insufficient evidence that Defendant poses a substantial risk of dangerousness in the current conditions of confinement at FMC Butner. The forensic psychologist opines that Defendant, having refused psychotropic medication, remains incompetent to stand trial but "has been free from significantly aggressive or self-harming behavior".

In its motion, unopposed by Defendant, the Government informs the court it does not seek forcible medication at this time in accordance with *Sell v. United States*, 539 U.S. 166 (2003), but instead requests an evaluation of Defendant to determine whether he meets the criteria for civil commitment pursuant to 18 U.S.C. § 4246.

Under 18 U.S.C. § 4246, an individual found incompetent to stand trial on a federal indictment may be civilly committed if, after a hearing, "the court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(d). The statute further authorizes a court to order such psychiatric or psychological examination as may be necessary to the court's determination. 18 U.S.C. § 4246(b).

While the report of competency restoration study at FMC Butner does not indicate Defendant is a danger to himself or others in the hospital setting, albeit for lack of sufficient evidence, the report fails to address whether Defendant's mental condition would render him dangerous if released. The Government notes Defendant has a history of erratic and dangerous behavior when unmedicated, and points out the dangerous nature of the pending charges contained in the indictment. Thus, the Government seeks further evaluation to determine whether Defendant should be civilly committed. Counsel for Defendant does not object to the evaluation.

Based upon the competency restoration report, it appears to the court that Defendant's condition is not so improved as to permit the proceedings to go forward at this time. Defendant's commitment pursuant to § 4241(d) having come to an end, he is now subject to the provisions of § 4246. *See* 18 U.S.C. § 4241(d) ("If, at the end of the time period specified [for competency restoration treatment], it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.").

Accordingly, the court ORDERS that Defendant be committed to the custody of the Attorney General at FMC Butner, or such other suitable facility as may be designated by the Attorney General, for a period not to exceed forty-five (45) days for purposes of a psychological and/or psychiatric examination to determine whether civil commitment proceedings should be instituted pursuant to 18 U.S.C. § 4246(a). A report of the examination(s) shall be prepared and filed with the court pursuant to 18 U.S.C. § 4247(c), with copies provided to counsel for Defendant and counsel for the Government.

3

So ordered, the 8th day of February 2019.

_Robert B. Jones, Jr._
Robert B. Jones, Jr.
United States Magistrate Judge